ALEXANDER MARKOWSKI, PLAINTIFF, v. PUBLIC SERV-
ICE RAILWAY COMPANY, DEFENDANT.

Submitted October 16, 1926—Decided January 28, 1927.

Negligence—Injury to Person While Jumping From a Truck,
Coming Into Contact With a Passing Trolley Car—Held,
Verdict Against Weight of Evidence.

On defendant's rule to show cause why plaintiff's verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and MINTURN.

For the rule, *Joseph Coult* (*Henry M. Fryling*, of counsel).

*Contra, Heine, Bradner & Laird* (*John A. Laird* and *Palmer Bradner*, of counsel).

PER CURIAM.

The plaintiff recovered a verdict of $5,000 for injuries sustained in a collision with a trolley car of the defendant company. Plaintiff was a helper on a truck which was proceeding westerly from New York to Paterson on the Paterson plank road at a point in the open country where the road was straight away, and where there were trolley tracks on both sides of the highway. The trolley car was going in the same direction as the truck. The driver of the truck upon which plaintiff was riding as helper, drew it up along side of, and quite near, the trolley road on the right-hand side, and then the plaintiff jumped off, and the Public Service Company car being right there at the moment, hit the plaintiff and injured him.

Defendant obtained this rule to show cause why the verdict should not be set aside, and assigned as a reason (among others) that the verdict is against the great weight of the evidence, and we think it is, both upon the question of the alleged negligence of the defendant and the alleged contributory negligence of the plaintiff.

The rule to show cause will be made absolute.